EASTERN DIST.
*February*, 1840.

M'GEHEE *vs.* M'CORD ET AL.

M'GEHEE
*vs.*
M'CORD ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, JUDGE DAWSON, PARISH JUDGE, PRESIDING.

Service of citation on one partner of a particular partnership, is insufficient to bring all the partners into court.

Several persons associating themselves under a particular style and firm, for the purpose of constructing a rail road, although they draw bills of exchange in the mercantile form, will be considered as forming an ordinary or particular partnership.

Particular partnerships are joint, and the obligations of the firm bind the partners *jointly* only, who must be all sued together, and service of citation made on each and every partner.

The plaintiff alleges, he endorsed bills of exchange and notes drawn and signed by one I. M'Cord, and others, who had associated themselves under the style and firm of "Isaac M'Cord & Co.," for the purpose of building the West Feliciana Rail Road, under an agreement made by notarial act, in which the defendants conveyed to him a steam saw-mill and lot of ground to indemnify him against loss. That on the 2d June, 1837, the previous liabilities which he had come under for said firm were liquidated, and a note given, signed by the members of said firm, which he endorsed and is liable to pay. He alleges, that all the members of the partnership are bound jointly and severally to indemnify him against said endorsement, and prays that they be cited, and that the steam saw-mill and lot of ground be sold to pay said note.

Service of citation and petition was made on John Cummings alone, who appeared by counsel and excepted ; and also denied the right of the plaintiff to maintain his action, without citing all the other defendants in the suit ; that the note sued on was a novation of the original debts or obligations, for which the mortgage or lien was given on the property described in the petition, and that said mortgage or lien, if it ever existed, was extinguished, &c.

On the trial of the cause, after hearing the evidence and arguments of counsel, the judge presiding was of opinion, the plaintiff failed to make out his case, and gave judgment of non-suit against him, from which he appealed.

*Turner,* for the plaintiff and appellant, contended :

1. The note was the note of a firm, and was joint and several. The issuing of promissory notes and bills of exchange in their firm name, brought them under the law of merchants as relates to these transactions, even if they, in relation to the building of the rail road, were special partners.

2. Their contract of guaranty to the plaintiff, dated 11th January, 1837, brought them under the mercantile rules of dealing with him as a firm.

3. The note sued on was a firm note, being subscribed by a majority of the members of the firm. See their articles of co-partnership.

4. The admissions, in the answer of Cummings, are good proof against all the defendants, and may be considered as the answer of all; but if not, it is proof against the members of the firm.

5. The signatures to the note were fully proved, and the endorsement of the plaintiff upon it. The credit upon it shows that it was presented at the place of payment when due, and was demanded.

6. Every allegation of the petition is admitted except the lien upon the land, and even that, for there is an averment that the contract had been novated, and this admits it existed, and threw the 'burden upon defendants to show' its extinguishment, and there is no such proof offered. It does not result by the payment of the original drafts and note.

7. The plaintiff was at all events entitled to judgment against John Cummings, who had answered and insists that the judgment of non-suit may be set aside, and judgment be rendered in favor of the plaintiff by this court for the balance of the note sued upon, and eight per cent. interest since the same became due, and for general relief adapted to the case, and the lot and mill sold to indemnify the plaintiff.

*Andrews*, for the defendant, urged that this action could not be maintained, because there was no legal service on the persons sued. The partnership is not a commercial one, and but one of the partners is cited. The others reside out of the parish, and one is dead. Service of process should have been on all of them, or their representatives.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff appeals from a judgment of non-suit. He states that having consented to endorse bills of exchange and promissory notes for defendants to a considerable amount, he received of them, by notarial act, the transfer of a certain steam saw-mill and lot of ground; that said sale was thus passed to him for the purpose of securing and indemnifying him against any loss from such endorsements, and was intended to have the effect and operation of a mortgage; that under this agreement, his endorsements were given on their paper to the amount of twenty-four thousand and twelve dollars forty-four cents, which is now due, and for which he is liable towards the holders thereof. He prays for judgment against the defendants *in solido*, and for the sale of the property; and that the proceeds may be applied to the payment of said debt.

The opinion we have formed in relation to the service of the petition and citation in this case, renders unnecessary the examination of several questions which arose on the trial.

*Service of citation on one partner of a particular partnership is insufficient to bring all the partners into court.*

*Several persons associating themselves under a particular style and firm, for the purpose of constructing a rail road, though they draw bills of exchange in the mercantile form, will be*

The evidence shows that the firm sued here is composed of six individuals, one of whom only, to wit: John Cummings, was served with process of citation. This would have been sufficient had the firm been a commercial one; *Code of Practice, article* 198. But from the articles of co-partnership, it appears that these persons became associated and adopted a firm to carry on the business of constructing the West Feliciana Rail Road. This formed between them an ordinary and particular partnership. We think that service should have been made on each and every partner; but it is contended that the issuing of notes and bills of exchange in the name of their firm brought the partners under the operation

of the law merchant; at least as to their transactions with plaintiff under the guarantee, even if in relation to the undertaking of the rail road, they must be considered as special partners. To this we cannot assent. It is the dealings and business of a partnership which make it a commercial one, not the form of the obligations they may contract. Engagements to pay a sum of money in this country are generally, if not always, thrown into that form. If that alone was sufficient to stamp a mercantile character on a partnership, there would hardly exist any other here than commercial partnerships; as to their adopting a firm, it was a matter of convenience, but did not change the nature of their association. 5 *Martin,* 682, *Slocum* vs. *Sibley.* We are asked to give judgment at least against Cummings, who has been cited and has answered; but even this, we cannot do; the liability is joint, not joint and several. All the obligors should have been made parties to the suit; no judgment can be rendered against any; *Lousisana Code, article* 2080.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.