(59 South. 979.)

No. 19,063.

GIARRUSO v. NEW ORLEANS RY. & LIGHT CO.

(Oct. 21, 1912. Rehearing Denied Nov. 18, 1912.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 596*) — WEIGHT AND SUFFICIENCY.

Plaintiff must make his case certain.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2446–2448; Dec. Dig. § 596.*]

2. EVIDENCE (§ 588*) — WEIGHT AND SUFFICIENCY.

A plaintiff, who contradicts himself on the trial of the cause, who contradicts the testimony which he gave in another court on the same subject-matter, who fails to remember everything detrimental to his cause, who is contradicted in many ways by his own witnesses, and is positively contradicted on all material points by the witnesses for the defendant, cannot recover judgment against the defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. § 588.*]

3. EVIDENCE (§ 586*)—WEIGHT AND SUFFICIENCY.

The testimony of a witness who swears that he did not know of the existence of conditions which had existed publicly for several years will be disregarded in the presence of testimony to the effect that he had been driving a wagon in that neighborhood for 19 years, and where the testimony of other witnesses in the case is that they were fully aware of such conditions. *Held*, that such witness should have known of these conditions, if he did not.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2432–2435; Dec. Dig. § 586.*]

4. APPEAL AND ERROR (§ 1001*)—REVIEW—QUESTIONS OF FACT.

The verdict of a jury in a case will be affirmed unless clearly contrary to the law and to the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

*(Additional Syllabus by Editorial Staff.)*

5. STREET RAILROADS (§ 114*)—OPERATION—ACTIONS FOR INJURIES — SUFFICIENCY OF EVIDENCE.

In an action for injuries in a collision with a street car, evidence *held* to show contributory negligence of the plaintiff.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. § 114.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by James Giarruso against the New Orleans Railway & Light Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Arthur J. Peters and James Wilkinson, both of New Orleans, for appellant. Hall, Monroe & Lemann, of New Orleans, for appellee.

SOMMERVILLE, J. This is a personal injury suit where plaintiff claims damages from the defendant because of injuries resulting to him from a collision between a wagon driven by him and one of defendant's street cars. Defendant answers, denying plaintiff's allegations, and alleges contributory negligence on his part. There was trial before a jury, a verdict in favor of the defendant, and judgment in accordance with said verdict. A new trial was applied for, and refused.

[2] Plaintiff, in his petition, alleges numerous faults and acts of negligence on the part of defendant's employés. In his testimony before the jury plaintiff contradicts some of these allegations; others are contradicted by witnesses called to the stand by him; and nearly all of them are contradicted by the witnesses for the defendant. These contradictions, taken together with the contradictory statements made by plaintiff while he was giving testimony on the trial of the case, together with his failure to remember those things which were or might be of importance to the defense, were clearly the causes of the jury bringing in a verdict against him. Under the circumstances, we shall affirm the verdict of the jury.

[3, 5] Plaintiff alleges, among other things, that defendant was operating a Carondelet car over the Clio street track in Elysian Fields street; that the said Carondelet car was being operated in an opposite direction

from that usually run by the Clio car, that his wagon was struck by the car and he was thrown from it, and injured, without any fault on his part. He further alleges that the operating of the Carondelet car in that way was contrary to the contract entered into between the defendant company and the city of New Orleans. It becomes unnecessary to decide whether the defendant was operating the Carondelet car referred to contrary to its franchise privileges or not, in view of the testimony to the effect that said cars had been operated in the manner complained of along the track referred to for several years. The testimony of the witnesses for plaintiff and defendant shows that such action on the part of defendant company was known to persons in the neighborhood. Plaintiff testifies that he was not aware that the defendant company operated the cars in the manner indicated. Previous knowledge on his part becomes unnecessary to establish contributory negligence by him on the occasion referred to, for the reason that he testified in the recorder's court, when the motorneer was on trial in that court, that he (the plaintiff) saw the car coming a half block away. It is true that plaintiff denies, on this trial, that he saw or heard the car in advance of the collision; but his witnesses contradict him by testifying that he made an exclamation when he saw the car, that he whipped up his mules, and that he turned their heads in an opposite direction. In view of all these circumstances, we are led to believe that he not only knew of the custom of the defendant company to run the Carondelet cars in the way they were run on the night of the accident, but, also, that he saw said car, and tried to cross the track before the car reached him. He took chances of crossing the car track which he should not have taken. The collision between the wagon and the car was largely, if not entirely, due to the fault and negligence of plaintiff himself. He cannot, therefore, recover.

The verdict and judgment appealed from are affirmed, with costs.