(92 South. 316)

No. 23590.

## RILEY v. CITY OF NEW ORLEANS et al.

(May 22, 1922. Rehearing Denied by Division B June 10, 1922.)

*(Syllabus by the Court.)*

I. Nature of issues.

Involves only issues of fact.

*(Additional Syllabus by Editorial Staff.)*

2. Pleading ⟨⟩127(2)—Answer held not to admit dangerous condition of sidewalk.

In an action for injuries, an answer admitting that complaint was made to the city regarding the condition of a sidewalk, and that it notified the property owner to make necessary repairs, was not an admission that it was dangerous to the extent of making the city liable, where the evidence showed that the notices referred to did not refer to repairs, but required the property owner to cause the sidewalk to be raised to grade and paved.

3. Evidence ⟨⟩596(1) — Plaintiff must make case fairly certain.

A plaintiff must make his case fairly certain, and not merely possible or even probable.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Mrs. Sarah Shelley Riley against the City of New Orleans and others. From a judgment for defendants, plaintiff appeals. Affirmed.

John D. Nix, Jr., and Devaille H. Théard, both of New Orleans, for appellant.

Ivy G. Kittredge, City Atty, and Michel Provosty, both of New Orleans, for appellee City of New Orleans.

Bertrand I. Cahn, of New Orleans, for appellees White.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. [1] This case involves only a question of fact, and the testimony is conflicting. The judgment below was for defendant, and plaintiff appeals; but she points out no manifest error in the finding of the district judge and assigns no reason why we should believe her and her witnesses instead of the witnesses for defendant.

The suit grows out of an injury suffered by plaintiff from an alleged defective sidewalk. It was first brought against both the city and the adjoining property holder. There was a judgment sustaining an exception of no cause of action as to the property holder (from which no appeal was taken), but the judgment for defendant was on the merits.

Plaintiff and her husband testify that at the locus in quo there was only a plank walk consisting of one single ten-inch plank, which was rotten and defective, and had a hole in it through which her foot went; whereby she was injured.

She first made her claim against the property holder; after waiting two months before doing so. The latter at once visited the locus in company with his attorney; and these two testify that they found a plank walk consisting of two planks, each ten inches wide; which were in good condition, and had not been newly laid. They are corroborated by other witnesses as to the good condition of the planks when they saw them over two months later. The property holder testifies that plaintiff's demand was the first notice he had that there might be something wrong about the plank walk, and that he did not repair or alter it between the time of the alleged injury and the time when he examined it with his attorney.

Plaintiff and her witnesses also testify that she was confined to her home for six weeks, and never did return to work at the factory where she had been employed; whilst the pay rolls of that factory show that a person going by the same name and card number was back at work in the fac-

tory in the third week after the occurrence. And although the timekeeper of the factory did not say in so many words that it was the same person (not having been asked that question point blank), yet we are satisfied that it was; for the whole tenor of his testimony indicates that he meant just that.

[2] As the liability of the city also depends upon knowledge brought home to it, plaintiff claims that the answer of the city admits that "it is true that complaint was made to the department of public property regarding the condition of the sidewalk, and that defendant immediately notified the property owner to make the necessary repairs, * * *" and some 60 days later "again called the attention of the property owner to the fact that the repairs had not been made."

But the notices referred to were admitted in evidence without objection and show that they did not refer to repairs, but were notices to the property holder "to cause to be raised to grade and pave the sidewalk fronting on your property * * * within twenty days," etc.

As to which the district judge properly said (Tr. 70):

" * * * I do not think that is an admission of your allegation. * * * It might have been necessary to repave, and yet not be dangerous to the extent of making the city liable. I want to find out what the facts are."

[3] A plaintiff must make his case fairly *certain*, not merely possible or even probable.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.