No. 3276

Second Circuit
(Second Division)

WILLIS v. BROWN

(May 7, 1931. Opinion and Decree.)

Coleman Lindsey, of Minden, attorney for plaintiff, appellant.

Murff & Perkins, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J. This is a suit on two promissory notes for the principal sum of $55 and $752 respectively. The defendant is sued as the maker of both instruments.

The defendant pleaded payment of the former and the forgery of his signature to the latter.

A trial resulted in a judgment in favor of the defendant rejecting plaintiff's demands, and the plaintiff appeals.

The $55 note is dated April 13, 1922, and became due November 1st of that year. It was drawn in favor of the Bank of Cotton Valley, and secured by a chattel mortgage on a mule and a cow. The defendant testified that he paid the note when it became due, because he did not want to lose his mule and cow. He stated that he made the payment to Mr. Cole, the cashier of the Bank of Cotton Valley, but that Mr. Cole would not give him the note, assigning for reason that he would hold the note until defendant had straightened out an account with Mr. A. J. Hodges, one of the directors of the bank. The defendant, a negro, further testified that subsequently he settled his obligation to Mr. Hodges in full, the amount being $1,400, but that the note of $55 had never been surrendered to him.

Mr. Cole is now serving a sentence in the penitentiary for various and sundry defalcations in connection with his management of the Bank of Cotton Valley.

The presumption is that a note in the possession of the plaintiff is unpaid, and upon that presumption alone the plaintiff rests his case. The strength of the presumption as it applies to this item sued on is greatly reduced by the age of the note; the fact that it was secured; that the bank which originally held it was liquidated because of unlawful irregularities of the cashier in connection with its management; and that its payment is not denied by any one. The presumption as thus weakened is entirely overcome by the testimony of the defendant, whose reputation for truth, veracity, and fair dealing was not attacked. This note, we think, a fair preponderance of the evidence shows, was paid.

The note for $752 is dated January 12, 1924, and became due October 15, 1924. It is payable to the order of the Bank of Cotton Valley, and appears to be signed by the defendant Robert Brown, C. H. Griffin, J. H. Hutcherson, and J. Moore. The plaintiff reserved his rights to proceed against the defendant's co-makers.

The plaintiff offered the note in evidence together with two admittedly genuine signatures of the defendant. That is his case. On this item the plaintiff relies on the presumption arising from his possession of the instrument, and upon the court as an expert on handwriting. That the questioned signature is strikingly similar to the admitted signatures cannot be denied,

and, if the plaintiff's evidence was presented for the purpose of obtaining a judgment by default, we would accept the signature on the note sued on as genuine.

The defendant testified that he did not sign the note, and knew nothing about it; that the first he knew of it was when Mr. Hodges called his attention to it some years after its date; that he at that time told Mr. Hodges he knew nothing about it, and refused to pay or renew it. The note is unsecured. He testified that he never at any time owed the bank more than $100, and that it always required security for loans made to him. He denied that he ever had any business dealings whatever with his alleged co-makers on the note, but that he knew them.

If the plaintiff could not produce evidence that the defendant received the consideration, or some portion of it, for which this note is alleged to have been given, because of the incarceration of the cashier of the bank in the penitentiary, he could have at least produced the testimony of the defendant's alleged co-makers to refute defendant's testimony that he had never had a business transaction with them. The presumption arising from the plaintiff's failure in this respect is that the testimony, if produced, would have been unfavorable to him.

If the signature is genuine, and its genuineness is doubtful, due to the facts developed and withheld, it could have been shown by expert evidence.

The burden of proof is on plaintiff, and we think, as did the trial judge, that he has failed to sustain it.

The judgment appealed from is therefore affirmed.