MOISE, Justice.
 

 This is an action in jactitation or slander of title, which was converted by the pleadings into a petitory action. It was instituted by John D. Bates, as surface-owner, to have Alexander S. Monzingo, J. S. Rushing, and Jerome K. Crossman “barred from claiming or asserting any kind of claim, right, title or privilege in, to, on or against said property”, that is, the minerals underlying the
 

 “NE% of SE14, Section 33, Township 18 North, Range 8 West, Webster Parish, Louisiana.”
 

 Monzingo is plaintiff’s vendor, Rushing the lessee under a lease from Monzingo, and Crossman the transferee of a one-eighth interest from Monzingo. From an adverse judgment, all defendants appeal.
 

 The record discloses the following facts: Alexander S. Monzingo acquired the
 

 above described property from J. C. Woodard and C. B. Walker on November 30, 1927 (corrected by deed dated September 17, 1929, only as to description) ; in that transfer those vendors reserved one-half of the oil, gas and other minerals underlying the property described.
 

 Monzingo subsequently made two sales of mineral interests affecting said property: first, on December 6, 1935, to M. M. Baker, a sale of one-half (%) of the oil, gas and other minerals; and second, on December 30, 1935, to A. B. Fuller, a sale of one-eighth (%) of the oil, gas and other minerals. Each of these sales included, respectively, an interest in the minerals underlying other lands in addition to the property which is the subject of this litigation. Also, each sale contained the following stipulation:
 

 “It is understood between the parties hereto that this sale is made subject to any valid and duly recorded oil and gas lease, but covers and includes [respective interest stated — % or %] of all the oil royalties and gas rentals.or royalties due and to become due under the terms of any such lease, and a like interest in all money rentals that may be hereafter paid in order to keep such lease in effect without drilling.”
 

 On August 6, 1942, Monzingo sold to plaintiff Bates the following described property:—
 

 “N% of SE%; SE14 of SEK, all in Section 15;
 

 “SW}4 of NE14; NE14 of SW%; NW14 of SEj4 of Section 22;
 

 “Ei/2 of Ey2 of
 
 W2
 
 of Section 27;
 

 “Wy2
 
 of Wy2 of Section 26;
 

 “NE14 of SEyt of Section 33;
 

 “W% of Section 34, less 17 acres in the SW corner thereof owned by the estate of O. E. Butler;
 

 “Wy2 of Wy2 of Section 35,
 

 “all in Township 18 North Range 8 Webster and Bienville, and containing
 

 
 *484
 
 West; situated in the Parishes of in the aggregate 983 acres, more or less.”
 

 This sale contained a reservation of one-half of the minerals in the vendor.
 

 On March 17, 1944, A. S. Monzingo and J. D. Bates joined together in leasing unto G. G. Nesbitt, Jr., the following described property:—
 

 “The
 
 EVz
 
 of Ey2 of Ey2 Section 27; “the
 
 Wy2
 
 of
 
 Wy2
 
 Section 26; “the
 
 Wy2
 
 of NWJ4 and NWj4 of
 

 SWy&
 
 Section 35;
 

 “Ey2 of NWJ4, and
 
 Etf
 
 of SW14 and Ey2 of SW% of SW%, and 3 acres in the
 
 Wy2
 
 of SW}4 of SWj4 described as commencing at the southwest corner of the E% of SW¡4 of S Wy., running thence North 140 yards, thence West 105 yards, thence South 140 yards, to Section line, thence East along Section Line 105 yards to point of beginning, Section 34;
 

 “all in Township 18 North, Range 8 West.”
 

 There is evidence in the record that the lessors divided the lease bonus and some of the rentals in the proportion of one-half to each, but that later on, the division was made on a different basis. It is to be observed that the property affected by these proceedings was not included in said lease.
 

 On March 7, 1946, A. S. Monzingo leased unto J. S. Rushing the
 

 “NE14 of the SEJ4, Section 33, T 18 N, R 8 W.”
 

 On February 12, 1947, Monzingo sold to Jerome K. Crossman (corrected deed dated May 7, 1947) a one-eighth interest in and to the minerals underlying the
 

 “NE14 of the SE%, Section 33, T 18 N, R 8 W”
 

 and other property, with which the present suit is not concerned.
 

 All three defendants filed a special plea of estoppel against Bates, on the ground that, having acquiesced in a one-half division of- rentals under the 1944 lease with Nesbitt (assigned to Carter Oil Company by the latter), he is estopped from questioning the one-half interest of Monzingo in the property the subject of this litigation. Their respective answers also incorporate the pleas of estoppel, acquiescence and laches.
 

 This record is not in a condition for the court to make a final adjudication of the rights of all parties who might conceivably have an interest in these minerals. For one, although Mr. Bates testified that the land which he purchased from Mr. Monzingo was not a continuous tract, there is nothing in the record to show whether drilling on any part thereof might not have interrupted the running of prescription under the mineral sales made in 1935 to Baker and Fuller, respectively. Moreover, they are not before the court. But for the purpose of determining plaintiff’s rights as against the three defendants herein, the record as it stands suffices.
 

 
 *486
 
 The largest interest which Monzingo ever owned in the subject land was a one-half, because of the mineral reservation contained in his own act of purchase. His vendors’ interest had not yet prescribed when he sold a one-half interest in the minerals to M. M. Baker in 1935; as a matter of fact, by virtue of the sale of a one-eighth interest to A. B. Fuller a few days later, Monzingo oversold his interest. However, he remained the owner of the land until 1942, and therefore, if his own vendors’ one-half interest prescribed in 1937, that interest enured to Monzingo’s benefit and also to the benefit of any vendee of an interest theretofore “oversold”. McDonald v. Richard, 203 La. 155, 13 So.2d 712; White v. Hodges, 201 La. 1, 9 So.2d 433; Sample v. Louisiana Oil Refining Corporation, 162 La. 941, 111 So. 336. Thus, his reversionary interest in the minerals which had been affected by the sales to Baker and Fuller was subject to deduction of the interests thereby conveyed.
 

 However, by converting the action in jactitation into a petitory action (by setting up title in themselves), defendant Monzingo and his lessee Rushing and his transferee . Crossman assumed the burden of affirmatively establishing that title. Realty Operators v. State Mineral Board, 202 La. 398, 12 So.2d 198; Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225. This they have not done. But in any event, it being assumed arguendo that the mineral interest reserved in 1927 had prescribed and reverted to Monzingo in 1937, the maximum of his ownership of the minerals underlying the NE(4 of the SE^, Section 33, Township 18 North, Range 8 West was a three-eighths interest. Decisions, however, cannot be based on mere
 
 assumption
 
 of facts.
 

 In concluding that plaintiff Bates is entitled to the relief prayed for,
 
 on the record as made up^
 
 we refrain from expatiating on the purely hypothetical question — the proportionate ownership of the minerals underlying the land, the subject of this litigation, in all persons who may have an interest therein, including possibly the defendants to this suit.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 HAMITER, J., concurs in the decree..