106 So.2d 776 (1958)
R. M. LITTON, Plaintiff-Appellee,
v.
Archie PARKER, Defendant-Appellant.
No. 8910.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1958.
Rehearing Denied November 25, 1958.
*777 D. H. Perkins, Shreveport, for appellant.
Love & Rigby, Shreveport, for appellee.
AYRES, Judge.
Plaintiff instituted this action on an open account to recover the balance due on a tractor allegedly sold and delivered by him to the defendant February 3, 1953. The purchase price was $500, subject to a credit of $100 as of January 18, 1954. Defendant denied making the purchase or having ever bought a tractor from plaintiff. The trial court found that plaintiff did not sell the tractor to defendant but that defendant authorized plaintiff to sell the tractor to one Preston Collins, who was a share-cropper of defendant's, and that in so doing he obligated himself for the purchase price. Pursuant to this conclusion, judgment was entered against the defendant, from which he appealed.
The testimony in this case is most contradictory and irreconcilable. Plaintiff testified most positively that he sold the tractor to defendant. Defendant's testimony is equally emphatic to the contrary. Preston Collins, however, testified that it was he who purchased the tractor. Moreover, there was offered in evidence a certified copy of a chattel mortgage and crop lien executed by Collins April 30, 1953, to the Bank of Vivian wherein Collins mortgaged this tractor with other property and pledged his crops for that year for a loan or advance of $2,500. As for the $100 payment, defendant explains that plaintiff approached him for assistance in getting a payment on the tractor purchased by Collins, whereupon, with Collins' consent, defendant made an advance of that amount for Collins and charged it to Collins' account. Although farming land of defendant, and, as stated, on a share-crop basis, Collins furnished his own equipment. From the date of the alleged sale in 1953 to the institution of this action in 1957, plaintiff never submitted a bill to defendant for the tractor or made demand for payment. This evidence is most unconvincing that plaintiff sold a tractor to defendant.
Neither does the evidence by any degree of preponderance establish that defendant contracted an obligation to pay for the tractor purchased by Collins, either as defendant's own debt and obligation or by an agreement to pay Collins' obligation. We fail to find in the record any evidence whereby Parker authorized Litton to sell the tractor to Collins. Even so, such would be in conflict with plaintiff's allegations and contrary to his own testimony, wherein he denied selling the tractor to Collins.
Pretermitting a discussion of the legal question involved as to any agreement of defendant to pay the purchase price of the tractor purchased by Collins, it suffices to say that the rule is so well anchored in the Code and firmly established in the jurisprudence as to make unnecessary the citation of authority that parol evidence is not admissible to prove any promise to pay the debt of a third person. LSA-C.C. Art. 2278. Nevertheless and to the contrary, the record contains defendant's denial of any agreement, promise or obligation to pay or discharge any obligation which Collins may have assumed in connection with the tractor
The jurisprudence is well settled that one entitled to a recovery must make and establish his claim to a legal certainty and by a fair preponderance of the evidence. *778 Even to make it probable is not sufficient. Johnson v. Kennedy, 235 La. 212, 103 So.2d 93; Iennusa v. Rosato, 207 La. 999, 22 So.2d 467; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Jackson & Anderson v. Beling, 22 La.Ann. 377. Neither may decisions be predicated on mere assumption of facts. Johnson v. Kennedy, supra; Bates v. Monzingo, 221 La. 479, 59 So.2d 693. According to the evidence in the record, no conclusion could be reached other than that plaintiff has failed to establish his case to a legal certainty and by a preponderance of the evidence, as required by law.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered that plaintiff-appellee's demands be rejected and his suit dismissed at his cost, including the cost of this appeal.
Reversed.