REID, Judge.
Plaintiff, a credit union, organized under an Act of Congress of the United States brought this suit against James L. Corkern, Joseph J. Scardino, Jr., and Edward A. Cooper, for the sum of $1620.13 together with interest at the rate of 1% per annum on the unpaid balance from July 13, 1965 until paid, plus attorney’s fees in the sum of 20% on principal and interest, and costs.
*420 Plaintiff alleges that it is the holder in due course of a certain promissory note made and signed by the three defendants, payable to it, dated December 22, 1964 which said note was inadvertently and mistakenly returned to makers through clerical error. The said note was originally for the sum of $1800.00 payable in monthly installments of $60.00, the first payment to be made on January 22, 1965 and monthly thereafter. At the time the suit was filed there was a balance due of $1620.13.
■ There was no service made on the defendant James L. Corkern but service was obtained on the other two defendants, Scar-dino and Cooper. They first filed a dilatory exception based on the fact that there was no allegation of any advertisement of the lost instrument according to LSA-C.C. 2280. They also filed a peremptory exception of no cause of action based on the same grounds. Both of these exceptions were overruled and the two defendants Cooper and Scardino then filed an answer denying every allegation in plaintiff’s petition.
The case was duly tried on the merits and the Trial Judge giving oral reasons, which are not transcribed, rendered judgment in favor of the defendants rejecting plaintiffs demand and dismissing it at his costs.
From this judgment plaintiff has brought this appeal.
.The appellant specifies only one error of the District Court, namely, in failing to require the defendants to go forward with the evidence and sustain their burden of proof. Defendant did not take the Stand and did not testify at all in the case. It did not appear from the record whether the two defendants were in Court during the trial or not. At any rate, plaintiff had the right to call each of these defendants under cross examination, and ask them if they had signed such a note, and if the other defendant Corkern likewise signed it. The plaintiff did not see fit to do this. If the witnesses were not in Court plaintiff unquestionably had the right to have them summonsed as witnesses in order to call them under cross examination. We, therefore, fail to see where defendants were under any obligation to testify in this case.
The only question for this Court to decide is the sufficiency of the evidence produced by the plaintiff to make out a prima facie case. Plaintiff alleged that the note was inadvertently and through error returned. They only produced one witness, Miss Irma Arthur, the office manager and treasurer who knew very little about the actual note. She did not see the note signed, she did not mail the note back to the maker stamped “paid” and did not identify the employee of the plaintiff who did so. There is no explanation offered in the record whatsoever as to the fact that this note was stamped by the witness “paid” and returned to the maker.
Miss Arthur, the office manager and treasurer of plaintiff in her testimony stated that the note was not in the file, and identified a statement of account of James L. Corkern, and copies of letters she had written advising them what had happened, calling on them to pay the note or return it, and that she received no reply from any of the makers of the note, including the three defendants. She did testify that Cooper called her about the note and defendant objected to what statement Corkern might have made to Cooper about the note, as being hearsay. The testimony was proffered in which Miss Arthur told that Cor-kern had called him and asked him if he had paid the note, that he had received it stamped “paid” and thought possibly one of the endorsers had paid it. The Judge sustained the objection but admitted the testimony under the proffer.
The elementary law is that the plaintiff must prove his case by a fair preponderance of the evidence and with legal certainty. Riley v. City of New Orleans, 151 La. 731, 92 So. 316; Merchants National Bank of Vicksburg v. Whitney Cent. Nat. Bank, 13 Orleans App. 40; Giarruso *421 v. New Orleans Ry. and Light Company, 131 La. 559, 59 So. 979; Kemp v. Donnes, La.App., 32 So.2d 383; Bultman Mortuary Service v. Rudolph, La.App., 5 So.2d 26; Williams v. Perrin, La.App., 8 So.2d 558; Condet v. Cohen, La.App., 9 So.2d 257; Litton v. Parker, La.App., 106 So.2d 776; Davilla v. Richardson, La.App., 120 So.2d 293; Brown v. Crocker, La.App., 139 So.2d 779; Star Sales Company v. Arnoult, La. App., 169 So.2d 178.
It is likewise elementary that the burden of proving the genuineness of the note sued upon is upon the plaintiff. See Willis v. Brown, 16 La.App. 305, 134 So. 277.
Plaintiff relies on certain cases which cases are in line with the one specification of error, namely, that the Court had not required the defendants to go forward with the evidence and sustain their burden of proof. We have examined these cases and do not think that they are apposite to the case at Bar.
Bastrop State Bank v. Levy, 106 La. 586, 31 So. 164, was a suit to recover money on overdrawn bank account. In this case the entries were made in the ledger of the Bank in the handwriting of a cashier who had died. Plaintiff proved the death of the cashier and proved his handwriting and defendant failed to take the Stand and deny that the account was incorrect or show how it was not correct. We have no quarrel with this case but find that it has no bearing on the instant case. The other cases, Zollinger v. Gust, La.App., 192 So. 132; Audubon Homestead Ass’n v. A. Stef Lumber Company, 158 La. 1054, 105 So. 62 and Morello v. Viola, La.App., 66 So.2d 29, likewise are no help to the appellant. In each of these cases plaintiff put on sufficient evidence to make out a prima facie case. The defendant failed to take the Stand and offer any testimony to rebut it. The Court then held that they should have testified, or offered evidence to substantiate their defense, and the failure to do so created an assumption that the evidence would have been unfavorable to their cause.
In the instant case at Bar plaintiff should have produced someone who had seen the note, seen the defendants sign it, and someone who actually mailed the note to the maker after erroneously stamping it “paid”. We believe then that they would have made out a prima facie case and the burden would have shifted to the defendants to put on some evidence to substantiate their defense and had they failed to do so would have raised the presumption that their testimony would have been adverse to their cause.
For these reasons we find the judgment of the Lower Court is correct and is hereby affirmed.
Affirmed.