No. 1882.—JACKSON & ANDERSON v. F. BELING.

In a case where the law has fixed the duration of a lease, in the absence of an express agreement, evidence of usage or custom is not admissible.

In a suit on a contract of lease, evidence of a custom is irrelevant and should not be admitted.

To enable a party to recover on a verbal lease, the evidence must make his demand certain; to make it probable is not sufficient.

APPEAL from Fourth District Court of New Orleans. *Théard*, J. J. Ad. Rozier, for plaintiffs and appellants. C. E. Schmidt, for defendant and appellee.

WYLY, J. This is an action to enforce a verbal contract of lease which the plaintiffs say they made of their store, at 28 and 30 Tchoupitoulas street, New Orleans, to the defendant, for one year, from the first day of November, 1867, at the rate of $110 per month. Under this lease they claim $990 and the writ of provisional seizure which was granted them.

48

The defense is, that the premises were not leased by the year, but only by the month, at $110 per month; that he, the defendant, positively declined to take the premises, except by the month, and he refused to accept a year's lease, although the plaintiffs offered to reduce the rent to $100 per month.

The court gave judgment in favor of plaintiffs for $110, with legal interest from judicial demand and with lessor's privilege on the property seized; and they have appealed.

Our attention is directed to the bill of exceptions taken by the defendant to the answers of the witness, Jonas Pickles, to the following questions propounded by the plaintiffs, viz:

*First*—What is the usual mode of renting property situated like that rented by the plaintiffs to the defendant?

*Second*—When nothing is said as to the term during which a lease is to last, what is the understanding as to the duration of the term for that kind of property situated as it is?

As the plaintiffs declared upon a contract of lease, proof of custom was irrelevant.

Where the law provides what shall be the duration of a lease in the absence of express agreement between the parties, no evidence of usage or custom in this regard should be received. C. C. 2655. The answers should not have been admitted.

An examination of the evidence inclines us to the conclusion that there is no error in the judgment. One of the plaintiffs says that the understanding was that the defendant was to take the premises by the year, at the monthly rent named. On the other hand, the defendant testifies positively that he promised to take the house at $110 by the month, but not as a lease, and only so long as it suited him. The other witnesses were not present at the interview between the parties, they had no personal knowledge of the verbal contract of lease.

In order to recover, the plaintiffs should make their claim certain; to make it probable is not enough. 8 M. 14; 10 M. 419; 14 La. 455; 19 La. 189; 2 R. 27; 12 R. 471; 6 An. 28, 30; 8 An. 25; 10 An. 310; 12 An. 12; 13 An. 105.

But the plaintiffs argue that, as the defendant held the house under a written lease at $150 per month the year previous, there was a tacit reconduction. They point us to article 1811 of the Civil Code, which declares that: "Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if after the termination of a lease the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other." This argument shifts the whole theory of the case presented by the plaintiffs in their pleadings, and is contradicted by the evidence

of Anderson, one of the plaintiffs, and the other witnesses who testified in behalf of the plaintiffs.

There was no silence and inaction on the part of the plaintiffs. Previous to the termination of the old lease the interview was had between the parties, and the foundation was laid for the new lease, which was verbal, the rent being stipulated for $110 per month, whereas in the old lease it was at the rate of $150.

How parties who have declared upon an express verbal lease at $110 per month can recover judgment on an implied lease at $150, which they have not set up in their pleadings, we can not comprehend. By their pleadings and their evidence they are estopped from claiming a tacit reconduction.

Let the judgment appealed from be affirmed ; cost of appeal to be paid by plaintiffs and appellants.