165 So. 711

DREHER v. GUARANTY BOND & FINANCE CO.

No. 33191.

Jan. 6, 1936.

Rehearing Denied Feb. 3, 1936.

Gamble & Gamble, of New Orleans, for appellant.

M. J. Allen, of Amite, for appellee.

ROGERS, Justice.

This is a suit to recover of the Guaranty Income Life Insurance Company the sum of $2,500 on a life insurance policy issued to William L. Dreher, with his wife, Myrtle D. Dreher, as beneficiary. Citation was served on the president of the defendant insurance company, but, probably due to a misunderstanding between counsel of the parties litigant, no appearance was made on the part of the insur-

ance company, and a judgment by default was rendered, and afterwards made final. A suspensive appeal was taken on the part of the defendant, after the lapse of twelve days, during which period defendant also filed its answer.

We do not consider it necessary to discuss the technical objections which appellant urges against the ·manner in which the judgment was taken, because, in our view, appellant's principal objection that the proof is insufficient to maintain the judgment is well-founded.

After alleging the issuance of the policy by defendant insurance company and the death of the insured, plaintiff further alleged that at the time of the insured's death the quarterly premium of $29.75 had been paid, and that the policy was in full force and effect.

The only evidence before the court on the confirmation of default was the insurance policy and the testimony of the plaintiff herself. ·She testified that the insured died June 17, 1933, and that she was his widow and the beneficiary named in the policy. She was asked by her attorney: "Q. Now, Mrs. Dreher, were the premiums paid on that insurance at the time of his (insured's) death?" And her answer was: "Yes, sir, up to March."

▉ In taking judgment by default, plaintiff assumed the burden of proving the essential allegations of her petition as fully as if they had been specially. denied. Code Prac. art. 312; Bayhi·v. Bayhi, 35 La.Ann. ·527, 529; Dunham & Co. v. Locke, 149 La. ·897, 90 So. 236. We do not think that plaintiff discharged that burden.

▉ Plaintiff proved with certainty the essential allegations of her petition that the policy sued on was issued; that she was the widow and· beneficiary of the insured; and that the insured died. But she failed to prove with certainty the equally essential allegations of her petition that the quarterly premium of $29.75 had been paid and that as a consequence the policy was in force at the time of the insured's death. The policy which was offered in evidence shows on its face that a quarterly premium of $29.74· was payable in advance on March 25, 1933. Plaintiff, who had possession of the policy, neither produced, nor accounted for the nonproduction, of the receipt showing payment of the premium. The only evidence offered to support plaintiff's allegation that the policy was in force at the time of the insured's death was her statement that the premiums on the policy had been paid "up to March."

It is probable that plaintiff by her statement intended to convey the meaning that the quarterly premium due on March 25, 1935, had been paid. On the other hand, it is possible that she intended to testify what a literal construction of her statement would imply, that only the premiums due up to March 25, 1933, had been paid, but the premium due on that date had not been paid.

To be entitled to a recovery, a litigant must make his claim certain; to make it probable is not enough. Jackson & Anderson, v. Beling, 22 La.Ann. 377, and authorities cited.

The policy on its face shows that a loan to the insured had been made thereon.

The defendant contends that the amount of the loan was $310, the whole of the cash or surrender value of the policy, and that the loan was made to the knowledge of the plaintiff, who signed the note evidencing the loan on June 24, 1932.

In view of the unexplained absence of the premium receipt, the uncertainty of plaintiff's testimony as to the payment of the premiums and defendant's contention, set up in its answer filed after judgment and in its motion for the appeal, that the policy had lapsed by the nonpayment of the premium due on March 25, 1933, and that it had no extended value, because of the loan made to the insured, we are not satisfied that plaintiff is entitled to the judgment which she obtained by default.

Our conclusion is that in furtherance of the ends of justice this case should be remanded to the district court in order that plaintiff may have an opportunity of proving with legal certainty that the policy herein was in force at the time of the insured's death, if such be a fact, and that the defendant may make such defense and adduce such evidence as the nature of the suit may require. See Pike v. State of Louisiana, 20 La.Ann. 547; McConnell v. Pasley, 31 La.Ann. 532; State ex rel. Ranger v. City of New Orleans, 34 La. Ann. 202; Willis v. Berry, 104 La. 114, 28 So. 888; Rhodes v. Cooper, 113 La. 600, 37 So. 527.

For the reasons assigned, the judgment herein appealed from is annulled and the case is remanded for further proceedings in conformity with the views herein expressed. Costs of appeal to be paid by plaintiff and appellee; all other costs to await the final result.

FOURNET, J., dissents.

On Application for Rehearing.

PER CURIAM.

Considering that there was some doubt as to the sufficiency of the evidence on which the judgment was rendered, and that the defendant might have a substantial defense to plaintiff's action, as set up in the answer and motion for appeal, this court, exercising its discretion in the interest of justice, remanded the case. In so doing, the court did not intend to pass, nor did it pass, on any of the issues involved, or which might be involved, in the case. The sole purpose of the remand was to secure to the parties a trial de novo, in which they will have ample opportunity to present evidence in support of their respective claims. Neither party is entitled to ask or to receive more than this. If it be shown on the retrial of the case that by the payment of the premiums or by the application of its extended value or for any other cause the policy was in force at the time of the insured's death, we see no reason why plaintiff should not recover. If, on the other hand, it should appear that the policy was not in force at the time of the insured's death, we take it that the judgment will have to go in favor of the defendant.

With this explanation, plaintiff's application for a rehearing is denied.