**ITEM CO., Limited, v. ST. TAMMANY HOTEL et al.**

No. 1739.

Court of Appeal of Louisiana. First Circuit.

June 30, 1937.

Lindsay W. McDougall, of Covington, for appellant.

Deutsch & Kerrigan & Burke and Lehman K. Preis, all of New Orleans, for appellees.

DORE, Judge.

Plaintiff secured a judgment by default against the defendants, St. Tammany Hotel, W. L. Brown and James H. Brown, in solido, for $130, interest and cost on July 15, 1929. On November 17, 1936, one of the defendants, James Henry Brown, obtained an order of appeal to this court. A motion was filed in this court to dismiss the appeal on the ground that no citation of appeal was asked for or served on the other codefendants.

This motion to dismiss was not finally decided by this court but was held in suspense, and the appellant was given an opportunity to have the other parties to the appeal cited. See 172 So. 792. W. L. Brown having died since the rendition of the judgment, the citation was served on the executrix of his estate. The ground on which the motion to dismiss is based having been corrected, the motion to dismiss is now overruled.

The appellant, James Henry Brown, contends that no citation was ever served on him; that he was not a member of any partnership with W. L. Brown and was not connected in any way with the St. Tammany Hotel, and knew nothing of the judgment rendered against him until within a few days prior to the time that he obtained the order of appeal.

There is no note of evidence in the record to show on what grounds appellant was condemned in solido as a partner with W. L. Brown in the St. Tammany Hotel. But the plaintiff and appellee is relying on the recitation in the judgment to the effect that plaintiff produced due proof in support of its demand, and, therefore invokes the rule that, in such a case, the lower judge is presumed to have had before him sufficient evidence to support the judgment.

The petition alleges that the St. Tammany Hotel was a commercial partnership composed of W. L. Brown and James Henry Brown, both residents of St. Tammany parish. The return on the citation to James Henry Brown shows that it was served on May 20, 1927, by leaving a copy of the citation and petition at the office of James Henry Brown. As a service of citation on an individual can be made only in two ways, either by personal service on the defendant or by leaving it at his domicile with a person apparently above the age of sixteen years living in the house, it follows that the service on James Henry Brown at his office is invalid and could not serve as the basis of a judgment against this defendant.

But it is contended by plaintiff that as the petition alleges that this defendant was a member of a commercial partnership, it must be assumed that the trial judge had before him evidence to prove this fact, and in that case service on the other partner was sufficient to bind the partnership and all its members under Act 179 of 1918. Ordinarily this is true, but in this particular case the documents annexed to the suit and which form the basis of the claim show that the account sued on was incurred by the St. Tammany Hotel for advertising purposes. Under ordinary conditions, the operation of a hotel by two or more persons would constitute an ordinary and not a commercial partnership. C.C. arts. 2825 and 2826.

If the appellant was a member of an ordinary partnership known as the St. Tammany Hotel, no judgment could be rendered against him individually for the debts of the partnership without the service of citation on him as in ordinary suits, and any judgment rendered against him for a debt of such partnership without citation would be a nullity. McGehee v. McCord et al., 14 La. 362; Stevenson & Co. v. Riser et al., 23 La.Ann. 421.

Courts may not legally set aside a judgment by default confirmed in strict conformity to the requirements of the law. Raphiel v. Louisiana Ry. & Nav. Co., 155 La. 590, 99 So. 459; Stout v. Henderson, 157 La. 169, 102 So. 193. But it will be observed in both of the above cases the court was careful to state that the defendants had been properly cited.

Where there is doubt as to the sufficiency of the evidence to support a judgment by default, an appellate court, in the exercise of its discretion, may remand the case for the reception of further proof. Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Code of Practice, art. 906.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is avoided, annulled, and reversed as to the defendant James Henry Brown; and as to said defendant, the case is remanded for trial and for the introduction of such legal evidence against this defendant as plaintiff may choose to offer, with the right of this defendant to make such defense as may be legal and proper; costs to await the final judgment in the case.