72 So.2d 570 (1954)
ROMERO
v.
MELANCON.
No. 20307.
Court of Appeal of Louisiana, Orleans.
May 24, 1954.
*571 Porteous & Johnson, Paul A. Monju and Edward M. Baldwin, New Orleans, for plaintiff and appellant.
Defendant-appellee absent and unrepresented.
McBRIDE, Judge.
Plaintiff claims $147.56 for damages alleged to have been sustained by his automobile on the morning of July 2, 1951, at the intersection of North Rampart and St. Louis Streets. It is alleged that the defendant owned and was driving the automobile with which plaintiff's car collided. Attached to the petition is an itemized list of the damages which plaintiff claims.
Notwithstanding that he was duly served, defendant failed to make answer to the suit and plaintiff attempted to have a judgment by default rendered in his favor. After hearing the evidence produced by plaintiff, the lower court stated: "I cannot give you a judgment on this testimony. Suit dismissed at plaintiff's costs." Plaintiff has appealed.
We think that the judge's refusal to enter a judgment for plaintiff was correct for at least two reasons. First, there is no proof that defendant owned or was driving the automobile which caused plaintiff's damage. The only testimony on this detail emanates from plaintiff's son:
"Q. How did you know the name of the man whose car you hit? A. The police came there and made out a report, that's how I knew."
Second, it is not shown that the damages claimed were occasioned by the accident. The only testimony bearing on that point is the following, also given by plaintiff's son:
"Q. I show you an estimate that was made for the repair of your automobile, will you identify that? A. Yes, sir, that's it; it was the whole front of the car."
It is well settled that in taking judgment by default, plaintiff assumes the burden of proving the essential allegations of his petition as fully as if they had been specially denied. To be entitled to a recovery, a litigant must make his claim certain; to make it probable is not enough. Code Practice, art. 312; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711, and cases therein cited.
However, we think that the judge erred in dismissing the suit; plaintiff should have been afforded the opportunity of proving with legal certainty his demands against the defendant, and in furtherance of the ends of justice, we believe the case should be remanded to the city court. See Dreher v. Guaranty Bond & Finance Co., supra; Whalen v. Davis, 200 La. 1066, 9 So.2d 424; Meers v. Seymour, La.App., 175 So. 431.
For the reasons assigned, the judgment appealed from is reversed, and this cause *572 is remanded to the First City Court of the City of New Orleans for further proceedings according to law. Defendant is cast for the costs of this appeal; the assessment of all other costs is to await a final determination of the case.
Reversed and remanded.