128 So.2d 56 (1961)
Sam P. PEPE
v.
James Q. TOURNAGE and Harold Pierce.
No. 5196.
Court of Appeal of Louisiana, First Circuit.
March 6, 1961.
France W. Watts, Jr., Franklinton, for appellant.
Jim W. Richardson, Jr., Bogalusa, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
JONES, Judge.
This appeal has been taken by one of the defendants in a tort action from a judgment of the District Court in favor of the plaintiff, confirming a default. The error alleged *57 is that the judgment was rendered on insufficient evidence.
The facts show that the suit arose as a result of an automobile collision in the City of Bogalusa, Louisiana. The plaintiff's minor daughter was riding in her father's car, driven by one of her friends, who was also a minor, when they were involved in a collision at the intersection of West Eighth Street and Avenue D. Plaintiff's minor child was injured in the collision and he brought the suit not only for the recovery of the personal injuries to this child but for the damages to his car. The facts show that the car of the plaintiff, occupied by the two girls, as aforesaid, had proceeded north on Avenue D, a one way street, and had stopped in obedience to a stop sign before entering West Eighth Street, the favored street. At the same time, the defendant Tournage was proceeding south on Avenue D, said one way street, in the wrong direction and the other defendant, Harold Pierce, appellant, was proceeding east on West Eighth Street. Tournage did not stop on entering West Eighth Street and his car and the car of appellant Pierce collided with the right front fender of Pierce's car striking the right rear fender of Tournage's car, resulting in knocking the latter car around and into the car of the plaintiff parked at the intersection as hereinbefore noted, the collision causing extensive damage to the plaintiff's car as well as personal injuries to his daughter, Linda Diane Pepe.
Prior to the trial of the suit, the plaintiff entered into a compromise settlement with the insurers of the defendant Tournage, reserving his rights against the other defendant Pierce. Subsequently, Pierce, having filed no answer and the legal number of days for so doing having elapsed, the plaintiff offered evidence in the District Court in order to obtain judgment by default. The judgment shows that it was granted in favor of the plaintiff "in the full sum of $1,000.00 for injuries to Linda Diane Pepe plus cost of repairs to the car only in event said repairs are recovered against against Pepe by his insurance company." The judgment, of course, is not certain, being based on a subsequent condition insofar as the repairs are concerned and would have to be reversed, if for no other reason, on that ground.
The plaintiff alleged in his petition that the defendant Pierce was guilty of negligence in operating his car at a rate of speed far in excess of the speed limit; failed to keep a proper lookout; failed to keep his automobile under control; and failed to apply his brakes in time to avoid striking the automobile of Tournage. However, on the trial of the case, the only evidence offered to show negligence on the part of Pierce was in support of the allegation that he was driving at a speed far in excess of the speed limit. June Mixon, the minor who was driving the plaintiff's car, testified in connection with how fast defendant Pierce was traveling, page 25 of the transcript:
"Q. Can you tell the court how fast the automobile was going? A. Not very fast, but I know he was going over the speed limit."
Linda Diane Pepe, the minor daughter of the plaintiff, when asked how fast the Pierce car was moving immediately prior to the collision, testified, page 4 of the transcript:
"Q. How fast was he driving? A. I don't know but I know he was speeding."
From the above testimony, which is the only testimony in the record to establish negligence on the part of defendant-appellant, it is obvious that such evidence is insufficient to support the judgment that was rendered by the District Court. In the first place, it is not even shown what the speed limit of the City of Bogalusa is and it is consequently not shown that either of these minor children knew the speed limit for cars in said city. It was admitted by the Mixon child that Pierce was not traveling very fast and the conclusion reached *58 by the Pepe child that Pierce was speeding is certainly not convincing because she admitted she did not know how fast he was traveling. Excessive speed does not in itself impose liability unless it is the proximate cause of an accident. It is true that excessive speed can constitute the proximate cause of an accident in certain instances such as on a street adjoining a school ground where children are apt to run into the street or where a car is being driven over an admittedly dangerous intersection. See concurring opinion Justice McCaleb in Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535, 543. However, in the present case no such situation existed or at least has not been proven and even if the defendant Pierce was exceeding the speed limit, which is not shown, according to the testimony of the Mixon child, he was not going very fast and this could mean only a mile or two per hour. The obvious reason that no attempt was made to prove that the defendant Pierce did not keep a proper lookout was because Tournage was traveling in the wrong direction on a one way street and, naturally, Pierce had no reason to look in that direction for no one is expected to assume that a person will travel the wrong way on a one way street.
Under the law of this state, the plaintiff who seeks a judgment by default must prove the essential allegations of his demand as fully as if they had been specially denied for, in order to recover, he must make his claim certain. Code of Practice, Article 312; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Item Co. v. St. Tammany Hotel, La.App., 175 So. 421; Romero v. Melancon, La.App., 72 So.2d 570.
Article 2164 of the Louisiana Code of Civil Procedure, LSA, provides that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. We are accordingly of the opinion that we have authority to remand this case if the ends of justice would be best served by so doing. However, should the case be remanded, the testimony of the eye witnesses, the Mixon child and the Pepe child, would have to still be considered and their testimony is not sufficient, as hereinabove pointed out, to prove speeding on the part of defendant-appellant Pierce resulting in a speed constituting the proximate cause of this accident. The only other witnesses of the accident were the defendants, Tournage and Pierce, and, under the circumstances, we do not believe it to be in the best interests of justice to remand the cause for the taking of additional testimony. Since the defendant Pierce failed to answer the suit or make an appearance, all of which is unexplained, we feel that it is just and proper to reverse the judgment and dismiss the suit as in a case of non-suit which, of course, will afford the plaintiff the right to institute the suit anew.
Judgment reversed and case dismissed as in a case of non-suit at plaintiff's cost.