HERGET, Judge.
Plaintiff, Securities Finance Company, Inc., alleging itself to be the owner of an installment promissory note dated July 31, 1961 in the amount of $2,923.92 made and executed by Kayser Anderson and Carrie Morgan Anderson, brought suit against Kayser and Carrie Morgan Anderson seeking to foreclose on the note because of the failure of said Defendants to pay the installment due on July 30, 1962, thereby mak-in the balance of the principal and interest together with the attorney’s fee due at the option of Plaintiff. It further alleged said note was secured by the pledge of a collateral mortgage note in the sum of $2,-S50 dated February 11, 1957 identified with an act of mortgage on certain described real estate. Judgment was obtained by confirming a default against Defendants on December 12, 1962 for the sum of $2,808.57 with interest at 8% from July 30, 1962 until paid, together with attorney’s fees of 15% of both principal and interest and costs; said judgment further recognized Plaintiff’s mortgage on the property particularly described in the act of mortgage and ordered that said property be seized and sold by the Sheriff and that Plaintiff be paid its judgment by preference and priority out of the proceeds of the sale.
In the same suit, on January 4, 1963, Kayser and Carrie Morgan Anderson filed a petition seeking to have the judgment rendered by the Court on the 12 day of December, 1962 declared a nullity and set aside for various grounds and in connection with said petition a rule nisi was issued calling upon plaintiff, Securities Finance Company, Inc., to make an accounting on or before the 10 day of January, 1963 showing all payments made to it by Kayser and Carrie Morgan Anderson since February 11, 1957 together with the dates of said payments and the amount credited to principal and the amount credited to penalties on the date of each payment. A temporary restraining order was issued enjoining Securities Finance Company, Inc. from executing the judgment dated December 12, 1962. Securities Finance Company, Inc. was ordered to show cause on the 10 day of January, 1963 why the judgment of date December 12, 1962 should not be declared a nullity. To this petition counsel for Securities Finance Company filed dilatory exceptions (1) Kayser Anderson and Carrie Morgan Anderson have made unauthorized use of summary proceeding; (2) the purported action to annul the judgment of December 12, 1962 is premature; (3) vagueness, which was particularized ; (4) improper cumulation of actions; and (5) unauthorized use of ex parte or executory proceedings inasmuch as the order granted petitioners an accounting without a hearing. On the same date counsel for Securities Finance Company, Inc. filed peremptory exceptions (1) predicated on a plea of res adjudicata, and (2) no cause of action predicated upon various grounds.
On January 24, 1963 counsel for Kayser and Carrie Morgan Anderson filed a supplemental and amending petition seeking to *626 have the judgment of December 12, 1962 annulled.
To the supplemental petition counsel for Securities Finance Company, Inc. filed dilatory exceptions of vagueness predicated on particularly described acts and counsel further excepted that said supplemental and amending petition was premature. On the same date counsel for Securities Finance Company, Inc. filed peremptory exceptions to the supplemental and amending petition of res adjudicata and of no cause of action.
On January 10, 1963 the Trial Judge rendered judgment which was signed on January 14, 1963 recalling its order requiring Securities Finance Company, Inc. to render an accounting, setting aside the temporary restraining order, relieving Securities Finance Company from responding to a subpoena duces tecum obtained by Kayser Anderson and Carrie Morgan Anderson, and further decreeing:
“It is further ordered, adjudged and decreed that the dilatory exception and the peremptory exception filed by respondent Securities Finance Company, Inc. be and the same are hereby by the court taken under advisement; * * *."
Therefore, there is still pending and undecided a suit in the Nineteenth Judicial District Court to set aside as a nullity the judgment of date December 12, 1962.
On March 11, 1963, upon the written petition of counsel for Kayser Anderson and Carrie Morgan Anderson alleging they were aggrieved by the judgment rendered on the 12 day of December, 1962 and desired to appeal devolutively therefrom, the Trial Judge granted their appeal to this Court. The appeal is from the judgment by default and our review of same is limited to the record therein made.
Under LSA-C.C.P. Art. 2083 an appeal may be taken from a judgment rendered by default. The law is well settled, to the extent no citation of authority is necessary, a presumption exists that a judgment by default rendered by a court of competent jurisdiction is based upon sufficient evidence introduced in support of plaintiff’s demands. As observed by us in Pepe v. Tournage, La.App., 128 So.2d 56:
“Under the law of this state, the plaintiff who seeks a judgment by default must prove the essential allegations of his demand as fully as if they had been specially denied for, in order to recover, he must make his claim certain. Code of Practice, Article 312; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Item Co. v. St. Tammany Hotel, La.App., 175 So. 421; Romero v. Melancon, La.App., 72 So.2d 570.”
In proof of its claim Plaintiff offered a note in the principal amount of $2,923.92 dated 7-31-61 with the first payment due 8-31-61 and on the reverse of the note there is inscribed the notation:
“This note is secured by one Collateral Mortgage note for $2,550.00 dated February 11, 1957 payable on Demand to the order of Ourselves at the Louisiana National Bank of Baton Rouge, Baton Rouge, Louisiana together with interest at the rate of 8% per annum from date until paid. The said Collateral Mortgage note is signed and endorsed by Kayser Anderson & Carrie Morgan Anderson.
“S/ Kayser Anderson
Name:
“S/ Carrie Morgan Anderson
Name:”
Also offered in evidence and in the record is the collateral mortgage note referred to, dated February 11, 1957 payable on demand, in the sum of $2,550. On the reverse of this note is the inscription:
“Baton Rouge, La., Nov. 27, 1961
“I hereby acknowledge the within note to be due and unpaid, waive pre *627 scription and agree and promise to pay-same on or before the 27 day Nov. 1966.
"S/ Kayser Anderson
“S/ Carrie Anderson
“S/ Carrie Morgan Anderson”
The record does not reflect the testimony was taken down on the confirmation of default, so it must be presumed evidence was offered that no payments were made on the hand note since July 30, 1962 and the balance due and owing on the principal amount of said note was the sum of $2,808.-57, for which amount judgment was rendered. The judgment of the Trial Court additionally recognized Plaintiff’s lien on the property particularly described in the mortgage securing the collateral mortgage note, and further ordered that the property be seized and sold by the Sheriff to satisfy the judgment rendered in favor of Plaintiff against Defendants on the hand note. This portion of the judgment is unsupported by the evidence inasmuch as the inscription on the collateral mortgage note extended the due date thereof to November 27, 1966. Therefore the collateral note is not due until that date and, accordingly, Plaintiff was not entitled to a judgment recognizing its mortgage on the property and ordering the sale of the property described therein to pay the judgment obtained on the hand note.
For these reasons the judgment in favor of Securities Finance Company, Inc. against Kayser Anderson and Carrie Morgan Anderson, in solido, is affirmed in the sum of $2,808.57 together with interest thereon at the rate of 8% per annum from July 30, 1962 until paid, together with attorney’s fees of 15% upon the total amount of principal and interest, and together with costs; and insofar as said judgment recognizes Plaintiff’s mortgage on the particularly described property and orders the sale thereof to pay the judgment, same is reversed. Cost of appeal to be paid by Appellee.
Affirmed in part and reversed in part.