AYRES, Judge.
By this action plaintiff seeks to recover a balance due on defendant’s promissory note, as well as the sum of $636.90 allegedly due on an open account. Defendant admitted owing the balance due on the note and made a legal tender of the sum of $172.10 in payment of the principal, interest, attorney’s fees, and costs of court accrued as of April 18, 1966, the date of the tender, but denied owing the account. Plaintiff refused the tender. There was judgment in plaintiff’s favor on both note and account, as prayed for, and defendant appealed.
The only issue presented on the appeal relates to the open account which allegedly represents the purchase price of an Allis-Chalmers Model 66 combine in the amount of $500.00; a tire, tube, and wheel for $30.00; and two canvases for $106.90. The defendant denied purchasing this equipment.
The issue relates more particularly to the question of whether there was a contract between plaintiff and defendant for the sale of this equipment. The position of defendant is that he made no agreement with plaintiff to purchase this machinery. He contends plaintiff has not sustained the burden of proof imposed upon him and has not established the reality of the sale by a reasonable preponderance of the evidence. The position of the plaintiff is that the issue tendered for resolution is factual in character, resolved in his favor by the trial court, and that there is no manifest error in the conclusions reached warranting a reversal of the judgment.
Defendant’s first contention is that the indebtedness reportedly represented by the account has not been established by the testimony of at least one creditable witness and other corroborating circumstances as required by the provisions of LSA-C.C. Art. 2277. This article of the Code has no application to the purported facts of this case, for the reason that by its own language it applies only to contracts or agreements above $500.00 in value. In this regard it may be pointed out that it has been held in actions on open accounts, composed of different contracts or items not exceeding $500.00 each, one witness to each item is sufficient, although the aggregate exceeds that sum. Stribling v. Stewart, 19 La.Ann. 71 (1867); Betzer v. Coleman, 23 La.Ann. 785 (1871); Rossignol v. Triche, 28 La.Ann. 144 (1876); Berges v. Daverede, La., 23 So. 891, 892 (1898); Thompson v. Steinkamp, 5 La.App. 274 (Orl.1926); Wadlington v. Barron (La.App.) 91 So.2d 448, 452 (2d Cir. 1956) ; Merchants Adjustment Bureau v. Malta (La.App.) 102 So.2d 781, 783 (2d Cir. 1958).
Defendant nevertheless contends that plaintiff has not otherwise established his claim to a legal certainty. This contention presents a much more serious issue. The rule is so well established as to make it unnecessary to cite authority therefor that a plaintiff in a civil action must establish his claim to a legal certainty by a reasonable preponderance of evidence in order to justify a judgment in his favor, and that it is not sufficient that the validity of his claim be made to appear probable. However, see: Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711 (1936); Romero v. Melancon (La.App.) 72 So.2d 570 (Orl.1954); Roberts v. M. S. *655 Carroll Co. (La.App.) 68 So.2d 689 (2d Cir. 1953).
Only two witnesses testified in the case - — plaintiff and defendant. There is no attack upon the credibility of either. Their testimony is in direct conflict and cannot be reconciled. Plaintiff testified that he sold the combine to defendant for $500.00, and further that he sold defendant the tire, tube, wheel, and other accessories so that the combine might be placed in operating condition. Defendant was just as positive in his testimony that he did not purchase the machinery, and that there was no discussion or agreement therefor. His position is that an agreement was entered into whereby he would operate the combine on a basis wherein the proceeds realized from its operation would be divided equally between plaintiff and defendant. He pointed out there was a need for such services among small landowners who found it difficult to get their crops harvested because of their limited acreage and small production.
A discussion with reference to the combine arose October 1, 1964, when plaintiff called on defendant at his residence to collect the balance due on the note herein sued upon. Plaintiff testified defendant inquired about the combine and suggested that he would buy it, whereupon plaintiff remarked defendant could not even pay the note then due him. However, according to his testimony, he finally agreed to sell defendant the machinery on the condition that one-half the proceeds realized from its operation would be paid directly to him and credited upon the purchase price. Believing that the combine could be successfully operated, defendant contacted various small farmers and entered into agreements to harvest their crops. But, upon finding that the machinery would not operate properly, and when, after the employment of mechanics to work on it, it could not be made to successfully perform, he ceased all attempts to use it. He then purchased another combine, however, in order to fulfill his commitments.
There were several facts and circumstances which, in our opinion, tend to support defendant’s position rather than that of plaintiff. For instance, plaintiff admitted he did not take defendant’s note for the price of the machinery nor require that the machinery be secured by a vendor’s lien and chattel mortgage in accordance with his customary business practice. Moreover, no notation of the purported sale was made on plaintiff’s records until the lapse of a month thereafter. These facts appear to be significant in view of defendant’s inability to pay the small balance then due on his note.
We are convinced from the facts and circumstances of this case that there was no meeting of the minds of the parties. Each had a different conception of the transaction. Plaintiff intended a sale of the machinery, but this was beyond the contemplation of defendant who intended to enter an agreement for operation of the machinery under which the proceeds were to be split between plaintiff as owner and defendant as operator.
Since the testimony of neither of the witnesses was found to be unworthy of belief, it cannot be said, where the testimony is diametrically opposed, that plaintiff has sustained the burden of proof imposed upon him. The holding to the contrary appears manifestly erroneous.
For the reasons assigned, the judgment appealed is amended by reducing the amount awarded plaintiff to $172.10, which sum includes costs accrued as of April 18, 1966, and, as thus amended, it is affirmed.
Plaintiff-appellee is assessed with all additional costs, including the cost of this appeal.
Amended and affirmed.