244 So.2d 311 (1971)
CALVERT FIRE INSURANCE COMPANY and Perk Barton
v.
Robert FELTON.
No. 4236.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1971.
*312 Irwin R. Sanders, New Orleans, for plaintiffs-appellees.
Garrett & Carl, James H. Leveque, III, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and GULOTTA, JJ.
SAMUEL, Judge.
This suit is for property damages resulting from a collision between two automobiles. There are two plaintiffs, Perk Barton, the owner of one of the cars involved in the accident, and Calvert Fire Insurance Company, his insurer. The petition names one defendant, Robert Felton, and alleges he was the driver of the other vehicle. The defendant failed to make an appearance after service of citation and a copy of the petition and in due course plaintiffs took and confirmed a preliminary default. The judgment is in favor of Barton in the amount of $100, the deductible allegedly paid by him under his policy with Calvert Fire, and in favor of Calvert Fire in the amount of $1,625, the alleged balance of the damages to the Barton vehicle paid by that plaintiff.
Defendant has appealed from the default judgment. In this court he contends the judgment was rendered: (1) without evidence that the defendant was involved in, or responsible for, the accident in suit; and (2) without sufficient proof of damages. Our conclusion with regard to the first contention makes a consideration of the second unnecessary.
On confirmation of the default plaintiffs presented only two witnesses: David Ford, an employee of Calvert Fire; and Mrs. Perk Barton, wife of the individual plaintiff, who was driving the Barton automobile at the time of the accident. Mr. Ford testified only as to the amount of damages sustained by the plaintiff automobile. Mrs. Barton testified she had been driving in a downtown direction on North Claiborne Avenue in New Orleans when a car coming in the opposite direction on the same street jumped the neutral ground and collided with the front of her vehicle. She gave no testimony regarding the identity of the driver of the other car involved in the accident or of anyone who could have been responsible for the operation of that other vehicle and the record is devoid of any such evidence.
Under these circumstances it is quite clear there was insufficient evidence to justify a finding of liability on the part of the defendant. Our settled jurisprudence is that, in order to recover, a plaintiff who seeks a judgment by default must make his claim legally certain; he must prove the essential allegations of his petition as fully *313 as if they had been specially denied. Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Wall v. Sun Insurance Company of New York, La.App., 189 So.2d 713; Smith v. Doyle, La.App., 160 So.2d 791; Carr v. Williams, La.App., 145 So.2d 611; Pepe v. Tournage, La.App., 128 So.2d 56; Romero v. Melancon, La.App., 72 So.2d 570.
For the reasons assigned, the judgment appealed from is annulled and set aside and this matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law. The plaintiffs are cast for the costs of this appeal; the assessment of all other costs is to await a final determination.
Annulled and remanded.