GULOTTA, Judge.
Plaintiffs, Mrs. Lillie H. Copping and Mrs. Marie J. Coco, are the owners and lessors of the premises 435 Bourbon Street. Defendant, Steven Bertolino, is the lessee of said premises. This action is a devolu-tive appeal from a lower court judgment dismissing plaintiffs’ rule for possession.
The facts reveal that on May 1, 1966, plaintiffs entered into a five-year written lease with defendant covering the lower floor and rear apartment of the premises for use as a cafe-type restaurant by defendant. The lease was executed on a printed form supplied by the Real Estate Board of New Orleans, Inc. The lease extended for a term of 45 months from the date executed for a monthly consideration of $250 per month and contained an option to renew for an additional five years at the increased rate of $275 per month.
After taking possession of the premises, defendant commenced remodeling the existing restaurant by adding new equipment, wiring, new floor and walls and running an air duct from the kitchen through the kitchen ceiling and out to an alley behind the premises-.
On March 1, 1967, defendant, Bertolino, subleased the premises to Anthony Rossi and Nino Nolte for the continued operation of the restaurant for the remaining term of the original lease. Subsequently, Nolte became the sole operator of the restaurant and sole occupant of the leased premises.
On October 21, 1969, a fire broke out in the restaurant and damage to the premises was estimated at $15,000 according to the New Orleans Fire Department’s investigative report. On the day of the fire, defendant wrote plaintiff that he was exercising his option to renew the lease.
Thereafter, plaintiffs did not have the subject premises repaired, and defendant claimed and continues to claim his right to possession of the premises under the option.
The question for our determination is whether or not the trial judge correctly dismissed plaintiffs’ rule for possession of the subject premises.
Plaintiffs contend that defendant breached the express terms of the lease. Plaintiffs allege that defendant permitted or tolerated the commission of an act made punishable by fine or imprisonment under the laws of the State of Louisiana, or an ordinance of the City or Parish by failing to include a fire extinguisher in a hood over the range in the kitchen which, according to plaintiffs, was the cause of the fire resulting in the subsequent damage to the property of plaintiffs. The particular provision of the lease relied upon by the plaintiffs is:
“Should lessee at any time use the leased premises or any portion thereof for any illegal or unlawful purpose, or commit, or permit, or tolerate the commission therein of any act made punishable by fine or imprisonment under the laws of the United States, or the State of Louisiana, or any ordinance of the city or parish, the remedies set forth in the preceding paragraph shall be available to lessor immediately without the necessity of giving any written notice or any other notice to the lessee.”
Plaintiffs additionally contend that the defendant is guilty of negligence under an implied breach of the terms of the lease by failing to exercise the responsibility placed upon a lessee to use the leased premises as a prudent administrator in that the lessee created a dangerous condition by failing to have a fire, extinguisher placed in the hood of the range in the kitchen at such time that the premises were renovated or at any time subsequent to the renovation. Plaintiffs claim that as a result of this negligence or lack of prudence, the property of the plaintiff was severely damaged by fire.
Further, in the alternative, plaintiffs contend the court erred in failing to invoke the doctrine of res ipsa loquitur to a situation where plaintiffs have proven facts *738 creating an inference of negligence on the part of the defendant while the thing which caused the fire was under defendant’s control and the damage would not have resulted unless negligence had been present in some form. Furthermore, according to plaintiffs, the failure of defendant to exculpate himself from negligence strengthens the basis for applying res ipsa loquitur in this case.
The appellee denies that he was guilty of any negligence or wrongdoing, denies that he failed to act as a prudent admin-trator, and further argues that if any violation did occur, then it was of a longstanding nature and was acquiesced in by appellants.
The first question for consideration is to determine which party, the lessors or the lessee, had the duty imposed upon him to place a fire extinguisher in the hood of the range located in the kitchen. Under the terms of the lease and the sublease, the premises were leased for use as a cafe-type restaurant. As stipulated in the terms of the lease, the property must be necessarily delivered to lessee in a condition suitable for and consistent with the use of the premises. The stipulations contained therein are to the effect that the premises and appurtenances are accepted by the lessee in their present condition except for such repairs and improvements as are written into the lease. No repairs or improvements were written into or anticipated under the terms of the said lease. Therefore, the duty for any alteration, repairs or improvements were not the responsibility of the lessors unless written into the lease. Nothing was written into the lease placing this responsibility upon the lessors. On the contrary, the lessee, shortly after the commencement of the primary period of the lease, commenced extensive remodeling and renovation of the premises. Furthermore, the record is not entirely clear whether the remodeling was done with the approval of the lessors.
At such time as the lessee undertook to repair or renovate the premises, it became his responsibility to undertake those repairs in such a way as not to injure or damage the property. The duty, therefore, for the installation of proper appliances and fixtures became the responsibility of the lessee under the express terms of the lease.
The Court having determined that the responsibility for the repairs and renovations was placed upon the lessee by the lease, it becomes necessary to ascertain if the trial court erred in finding that the plaintiffs failed to prove that the lessee violated the lease so as to permit cancellation by permitting or tolerating a condition to exist in violation of a city ordinance punishable by fine or imprisonment. The particular question raised is whether or not the trial court erred in finding that insufficient evidence was submitted by the lessor to form a basis for the termination of the lease because of the failure of the lessee to provide for the installation of a fire extinguisher in the stove hood, in violation of a city ordinance.
The record reflects that Carl Pfister, an inspector for the Fire Prevention Bureau of the New Orleans Fire Department, testified that the fire in the restaurant probably started in the duct work of the range hood and that a buildup of heat in the duct probably caused the fire. He testified further that he had inspected the premises shortly after the fire and that the fire could have been the result of other causes but the range hood was the most likely cause of the fire. Mr. Pfister further testified that the fire could have been electrical in view of the fact that there was electrical wiring in the vicinity. He further revealed that he could not absolutely state that the failure to have the automatic extinguisher in the hood caused the fire. To be entitled to recovery a litigant must make his claim certain; it is not sufficient to merely make it probable. Romero v. Melancon, 72 So.2d 570, 571 (La.App. Orleans 1954); Dreher v. Guaranty Bond & Finance Co., 184 La. 197,165 So. 711, 712 (1936).
The testimony of the inspector was the only evidence submitted on the cause *739 of the fire in support of plaintiffs’ contention that defendant was negligent and failed to use reasonable prudence in the use of the premises. Plaintiffs sought to introduce into evidence an order dated August 28, 1968, from the First District Fire Prevention Division of the New Orleans Fire Department advising, among other things, that an approved automatic extinguishing system for the stove and deep fat fryer must be provided. However, the trial judge properly excluded this evidence for the reason that the document was not properly certified or identified as required by R.S. 13:3711 which reads:
“Copies of any books, records, papers or other documents of any of the executive and administrative departments, boards, and agencies of this state, and copies of any books, records, papers, or other documents of any of the political corporations, bodies politic, boards, departments and agencies of this state and the parishes and municipalities thereof, when certified as being true copies by the official, officer or employee in whose custody they may be, shall be admitted in evidence in all courts of this state, equally with the originals of such books, records, papers or other documents.” (Emphasis added.)
It is significant that while lessors rely in their rule for possession on that portion of the lease relating to the violation of a city ordinance, that neither the City, the Fire Department, nor the lessors took any action whatsoever at the time of the installation or renovation or within a reasonable time thereafter, to force the lessee to correct that defect or violation despite all parties having knowledge.
Plaintiffs further complain that the trial court failed to take judicial cognizance of an ordinance of the city of New Orleans, 770 MCS—the Fire Prevention Code—and thereby erred. Assuming that the trial court had taken judicial cognizance of this city ordinance, there is nevertheless insufficient evidence in the record to show that the ordinance was violated and that this violation caused the fire. It is basic that plaintiffs must produce proof in support of each and every element of their claim. Levingston Supply Co. v. Basso, 164 So.2d 141, 147 (La.App. 1st Cir. 1964).
The argument of the plaintiffs concerning the negligence of the defendant lessee addresses itself to a claim for damages growing out of the fire and to the resulting damages to the property of the lessors. In a pending claim for damages plaintiffs lessors may very well have a cause of action in tort for negligence; however, our present concern is with the facts as they relate to a cause of action for the cancellation of the lease only, not as those facts relate to a suit in tort or in damages. We here are concerned with a breach of contract. The arguments and jurisprudence advanced by lessors relate to negligence as it applies to damages and not to a lease cancellation. We cannot here render any judgment affecting that pending cause of action.
Assuming, however, arguendo, that plaintiffs lessors have proved that the lessee was negligent or did not act with reasonable prudence in failing to install an automatic fire extinguisher in the hood, the pertinent question is then whether the lessors are guilty of acquiescing in the violation because of their knowledge of the existence of the alleged violation and their failure to take appropriate action either by instituting proper legal proceedings to cancel the lease or to force compliance with the ordinance.
The record reflects that Mrs. Copping told Bertolino, the primary lessee, that if he were to install a fire extinguishing system in the hood on the premises, it would enable her to get better insurance. Berto-lino stated that he could not afford the extinguisher because he had just remodeled the premises. The exact date of the above discussion was not revealed by the record. However, since Bertolino leased the property on May 1, 1966, and subleased the prop *740 erty on March 1, 1967, it appears that the conversation must have taken place sometime prior to March, 1967, and sometime after May, 1966. It should be noted that the fire occurred on October 21, 1969, and plaintiffs lessors filed the rule for possession on February 4, 1970. Knowledge by the lessors for a period well in excess of two years and perhaps for a period of three years without instituting any action unfortunately places them in the position of having acquiesced in the failure to install a fire extinguishing system. Mrs. Coppings’ only explanation for her inaction was that she was a friend of the lessee and that she had been too nice to him.
Furthermore, because the lease places the right and the responsibility on the lessors to make repairs on the property necessary for its preservation, the lessors had the authority under the lease to at any time have the fire extinguisher installed themselves. Thus, we find that plaintiffs lessors have acquiesced in the failure of the lessee to install the extinguisher.
Plaintiffs are required to prove their case by a reasonable preponderance of the evidence. Morris v. Vining, 49 So.2d 458 (La.App. 2nd Cir. 1950). Therefore, before lessors can invoke the provisions of the lease requiring a cancellation, the evidence must be clear that the lessee used the leased premises or any portion for illegal or unlawful purposes or that he permitted or tolerated the commission of an act made punishable by a fine or imprisonment under the laws of the State of Louisiana, or ordinance of the city or parish.
The trial judge in his reasons for judgment found that plaintiffs had not timely asserted their rights and, in effect, had acquiesced in the violation for a period of over two years. We cannot find manifest error in the reasoning of the trial judge. In the absence of a showing that the trial court committed manifest error, the judgment of the trial court must be affirmed. Gulling v. E. I. Du Pont de Nemours & Co., 228 So.2d 750 (La.App. 4th Cir. 1969); Motion Picture Advertising Corporation v. Smith, 207 So.21 847 (La. App. 1st. Cir. 1968).
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.