CRAIN, Judge.
This is an appeal from a judgment can-celling a lease. The evidence shows that defendant-appellant is the lessee of certain property belonging to plaintiff-appellee, having acquired his rights from one Dennis Pickering, the original lessee. There was no transcript made of the testimony taken at the trial, but the narrative of facts stipulated to by the parties, and the trial court’s reasons for judgment indicate that on February 24, 1972, a shooting incident occurred on the leased premises between the appellant and Robert Foster. Apparently Foster is also one of appellees’ lessees, and the premises Foster leases adjoin the premises leased by appellant. On the day in question appellant fired several shots at or around the Foster residence, addressed foul and abusive language at Foster, challenged Foster to a fight, and threatened to kill Foster. All these actions took place intermittently for several hours.
During this time appellant also stopped Mr. E. C. Patterson, another of appellees’ lessees who was trying to reach his camp. Mr. Patterson testified that the appellant appeared intoxicated and was firing several shots in the vicinity of the Foster residence. Apparently the whole altercation ended when Foster shot appellant in the thigh.
Immediately after this incident, appellee consulted local law enforcement agencies with reference to removing appellant from the premises. No action was taken, so he subsequently contacted his own attorney who wrote a letter of termination on May IS, 1972, giving appellant until July 1, 1972 within which to vacate the premises. In accordance with the termination notice ap-pellee accepted rental payments through June, and then refused to accept any more. This eviction proceeding was filed on September 13, 1972.
There is no argument as to the legal principles involved. Civil Code Article 2710 provides that,
“The lessee is bound:
1. To enjoy the thing leased as a good administrator, according to the use for which it was intended by the lease.”
Unquestionably the acts of appellant on February 24, 1972 were not the acts of a good administrator.
Appellant argues, however, that since ap-pellee accepted rentals subsequent to February 24, he has acquiesced in the lease violations and cannot now use the February incident as a basis for cancelling the lease. In support of this proposition he cites Major v. Hall, La.App., 251 So.2d 444 (1971); Copping v. Bertolino, La.App., 245 So.2d 735 (1971); and Stoltz v. McConnell, La.App., 202 So.2d 451 (1967). The factual differences in the cited cases and the instant case preclude our reaching the same result. Suffice it to point out that as a matter of fact where the lessor within the time period involved herein takes steps to proceed with eviction, and where he does not accept rentals after the period of grace given in his letter of termination, such lessor does not acquiesce in the actions constituting a violation of the lease agreement. We therefore affirm the judgment of the trial court cancelling the lease, allowing $150.00 attorney fees, and unpaid rent of $100.00 per month for the months of July, August, and September of 1972.
We find it unnecessary to consider questions raised by appellant as to testimony of *882 other lease violations since the incident of February 24, 1972 is sufficient to order a cancellation.
Accordingly the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.