LANDRY, Judge.
Having suspensively appealed a default judgment rendered against him on an open account by the Honorable City Court, City of Baton Rouge, East Baton Rouge Parish, defendant Jewel Smith moved this court for a rule nisi ordering plaintiff Motion Picture Advertising Corporation (Motion Picture) to stipulate the nature of the evidence adduced in support of plaintiff’s claim. We deny the motion as being groundless and without merit.
*452 The record discloses that plaintiff’s suit is based on a written contract (appearing of record) dated April 13, 196S, wherein defendant agreed to purchase certain advertising film for a stated price. Payment of a portion of the stipulated sum is acknowledged by plaintiff leaving a balance of $495.00 payable in 11 monthly installments of $45.00 each commencing May 10, 1965, and on the 10th of each month thereafter. We also note in the record a sworn itemized statement of the status of defendant’s account executed by a representative of plaintiff corporation wherein it is shown numerous installments are past due and unpaid.
In effect mover maintains that since no witness testified in person in the court below to support plaintiff’s action, the stipulation requested is desired to rebut the presumption the judgment was granted on good and sufficient evidence. Alternatively, it is contended insufficient evidence appears of record to sustain the decree. In support of the aforesaid contentions, defendant relies upon LSA-C.C.P. Article 2131 which authorizes an appellant to call upon appellee to stipulate an agreed statement of facts when the testimony of witnesses is not reduced to writing during trial and upon appellee’s failure to cooperate, secure a narrative from the trial court which shall be conclusive on appeal. Mover also relies upon LSA-C.C.P. Article 2132 which provides for the correction of a record on appeal when error, omission, irregularities or informalities appear.
It is well established jurisprudence that a judgment of a trial court is presumed to have been rendered upon the production of good and sufficient evidence. Securities Finance Co. v. Anderson, La. App., 165 So.2d 624.
In the case at bar the record shows plaintiff introduced in support of its claim the contract sued upon and an itemized statement by one of its employees attesting under oath the delinquent balance past due and owing pursuant to the agreement. The procedure followed makes out a prima facie case against defendant according to the express provisions of LSA-C.C.P. Article 4896, which states that in municipal courts, default judgment may be rendered in suits on open account or other conventional obligations predicated on affidavit.
Since the record contains prima facie proof of plaintiff’s claim, LSA-C.C.P. Articles 2131 and 2132 relied upon by mover are without application. The cited articles apply only in those instances where verbal testimony is taken but not reduced to writing or where an error, omission or other irregularity in the record is alleged. Mover’s allegations and contentions do not fall within the ambit of either cited statute.
We also note in the record the affidavit of the trial judge attesting to the introduction in evidence of the contract, itemized statement and accompanying sworn declaration and further attesting that no other evidence was introduced in plaintiff’s behalf. The trial court further recites that whereas a representative of plaintiff corporation was present in open court upon rendition of judgment, said agent was not sworn and did not testify.
Under these circumstances a narrative of facts as to what evidence was adduced below would serve no purpose whatsoever. Inasmuch as the record affirmatively reflects documentary evidence constituting prima facie proof of plaintiff’s claim, defendant’s motion is groundless and without merit.
Accordingly, defendant’s aforesaid motion is denied at mover’s cost.
Motion denied.