GULOTTA, Judge.
Plaintiff was awarded a judgment in the trial court in the amount of $8,158.01, the cost of repairs to a cemetery fence which was damaged when a New Orleans Public Service, Inc. bus went off the roadway, jumped the curb and struck the fence.
Defendant, appealing, claims plaintiff’s suit is barred by one-year prescription. (LSA-C.C. Art. 3536). According to NOP-SI, after the November 8, 1974 accident a NOPSI claims representative investigating the accident was advised by plaintiff that the repairs to the fence would be made by plaintiff’s contractor, but no agreement had been made on the price of the repairs or the estimate of the cost. NOPSI claims that it was not until 1976 that the invoice for the repairs was sent to them by plaintiff and demand for payment made. Based on the lapse of a period in excess of one year between the November 8, 1974 accident date and plaintiff’s May 17, 1976 demand for payment, NOPSI asserts the claim has prescribed.
Defendant’s exception of prescription was referred to the merits and after trial judgment was awarded in favor of plaintiff for the cost of repairs. No reasons were assigned.
Because we conclude that defendant acknowledged the indebtedness to plaintiff for the cost of repairs, we affirm the judgment.
LSA-C.C. Art. 3520 provides:
“Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed.”
In the comparatively recent case, Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), on rehearing, the Louisiana Supreme Court applying the Codal provision in a one-year prescription personal injury case stated that acknowledgement sufficient to interrupt prescription “... may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and that it may be implicit or it may be inferred from the facts and circumstances.” (Cases cited.) The Flowers court in the original hearing had concluded also that an acknowledgement may be made by a debtor without knowing the exact amount of the debt owed.[1] Also, according to Flowers, the acknowledgement need not be in any particular form and may be either expressed or tacit.
Our consideration leads to a conclusion, also apparently reached by the trial judge, that NOPSI acknowledged responsibility of and payment for the repairs to the fence.
Although the testimony regarding the circumstances surrounding the acknowl-edgement is conflicting, the record supports a finding that an acknowledgement was in fact made. Charles Danner, a plaintiff-executive officer, stated that a representative from NOPSI had come to see him shortly after the accident and agreed to allow plaintiff’s contractor to repair the fence. John C. Freese, Jr., the secretary-treasurer of F.C.B.A. stated that approximately three days after the accident a representative from NOPSI had come to the cemetery office to discuss the fence damage. According to Freese, this representative agreed to allow Wallace C. Drennan, plaintiff’s contractor, to make the repairs. NOPSI was interested in the work being done by a reliable contractor and Drennan was known by NOPSI and had done work for the public utility company.
Reference was made by Freese to a June 4, 1975 letter sent to NOPSI in which he enclosed the Drennan April 24,1975 invoice in the amount of $8,158.01. A copy of this letter was introduced into evidence; however, NOPSI claims it never received this *204 letter. Also introduced into evidence was a May 17, 1976 letter from Freese to NOPSI in which was enclosed a copy of the Dren-nan invoice, together with a copy of the June 4, 1975 letter “requesting payment of the claim.” Finally, Freese corroborated Danner’s testimony that the NOPSI representative authorized Drennan to make the repairs. Freese explained that he was under the impression that the Drennan invoice had been paid immediately after the June 4, 1975 letter to NOPSI and it was not until May or June, 1976 when he was informed by Danner that Drennan’s bill had never been paid. It was then that he sent the May 17, 1976 communication to NOPSI. Defendant’s response in writing on July 14, 1976 to Freese was a denial of liability based on prescription.
The testimony of Freese regarding the authorization by the NOPSI representative to allow Drennan to make the repairs was corroborated by Carl E. Hellmers. Hellm-ers testified that he heard the conversation between Freese and the NOPSI representative which took place at the plaintiff’s office a few days after the accident. According to Hellmers he overheard the NOPSI representative say that NOPSI would be responsible for the damages and that they had insurance coverage.
Albert Browne, on the other hand, the NOPSI claims representative handling this claim, stated that he talked to Danner at the cemetery office but denied that he had talked to Freese or to Hellmers at any time regarding the claim. He stated that no authorization was made for Drennan to make the repairs, no figure on costs for restoring the fence had been agreed upon and no acknowledgment of payment by NOPSI was made for repairs to the fence. It was Browne’s understanding from a December 26, 1974 conversation with Danner and with Drennan that Drennan would let him, Browne, know the full cost of the repairs. Subsequent to January, 1975, according to Browne, he had heard nothing from Drennan or plaintiff and made no attempt to contact them.
Based on the facts surrounding the occurrence of the accident, the testimony of Dan-ner, Freese and Hellmers, and the exhibits, we hold that NOPSI acknowledged the indebtedness for the fence repairs thereby interrupting prescription. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.

. Although the Louisiana Supreme Court in Flowers, on rehearing reversed the conclusion reached in the original hearing, nonetheless, the legal conclusions regarding acknowledgement reached in the original opinion were reaffirmed on rehearing.