533 So.2d 107 (1988)
Brigitte E. TURNER
v.
WILLOW TREE TOWNHOMES PARTNERSHIP, et al.
No. 88-CA-0351.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Raymond C. Burkart, Jr., New Orleans, for plaintiff-appellee Brigitte Turner.
Dresner and Dresner, M.L. Dresner, New Orleans, for defendant-appellant Greater New Orleans Homestead Ass'n.
Before GARRISON, KLEES and LOBRANO, JJ.
KLEES, Judge.
Defendant Greater New Orleans Homestead appeals a default judgment rendered against it in the district court. We reverse.
On April 11, 1986, plaintiff Brigitte Turner filed a petition against the homestead, Willow Tree Townhomes Partnership [hereinafter "Willow"] and various individual defendants alleging that they were jointly liable for damages she had suffered on account of the defective condition of a townhouse she purchased from Willow in January of 1984. The petition states that the homestead, plaintiff's mortgagee, "after sending an agent/employee to inspect the premises", represented to plaintiff that the residence was of high quality and had no defects.
*108 On March 15, 1984, plaintiff experienced a water leakage upstairs which wet the ceiling, walls and floor of the downstairs living room. She contacted a representative of Willow, who promised to fix the problem. Satisfactory repairs were never made, however, and the problem worsened. In October of 1985, plaintiff consulted with an officer of the homestead, who promised to have Willow repair the premises. When the repairs were again not made, plaintiff filed suit on April 11, 1986, claiming that the townhome had redhibitory defects which defendants had concealed from her. The petition was served on the homestead on April 29th, they did not file an answer. On plaintiff's motion, a preliminary default was entered against the homestead on August 4, 1987. The default was confirmed by the district court on October 16, 1987, following a hearing at which the homestead was not represented, and judgment was entered against the homestead in the amount of $12,000.00 plus interest, costs, and $3,000.00 in attorney's fees.
The homestead appeals the judgment on the grounds that the petition fails to state a cause of action against it and alternatively, that plaintiff's action against it has prescribed. Both defenses are peremptory exceptions which may be asserted in the appellate court. La.Code Civ.Pro. arts. 927, 928, 2163.
We find no merit in defendant's first exception. Defendant asserts that because the petition sounds in redhibition, it fails to state a cause of action against the homestead, which is not the vendor of the property. Under the Civil Code, the right to bring a redhibitory action is a right which the purchaser has against the vendor. See La.Civ.Code arts. 2520-2540. Defendant is therefore correct in asserting that plaintiff has no cause of action in redhibition against its lender, the homestead. Kearney v. Maloney, 296 So.2d 865, 868 (La.App. 4th Cir.1974). Nevertheless, we cannot maintain defendant's exception because, although there can be no redhibitory cause of action against the homestead, the petition does state a cause of action in delict by alleging that the homestead misrepresented the condition of the premises to plaintiff. Id. at 869.
Defendant next argues that this delictual action is barred by the one-year liberative prescription. In delictual actions, prescription begins to run on the date the injury or damage is discovered. In the instant case, plaintiff first experienced water damage in March of 1984, more than two years before she filed suit. Then, in March of 1985, plaintiff was told by an inspector she had hired that the water problem was due to improper bracing of the bathtub during construction of the townhouses. Because plaintiff did not file suit until April of 1986, defendant contends that the action is prescribed. We disagree.
Article 3464 of the Louisiana Civil Code states that prescription is interrupted "when one acknowledges the right of the person against who he had commenced to prescribe." At the confirmation hearing, plaintiff testified that, after failing to receive satisfaction from Willow, she contacted the homestead about the water problem on October 15, 1985. According to her testimony, Mr. Toups, the president of the homestead, told her that he would have Mr. Verges (an employee of Willow) repair the property. When repairs still weren't made, plaintiff called the homestead and threatened to stop paying her house note until the problem was resolved, to which the response was that "[t]hey would send someone out to repair." Plaintiff stated that she did stop paying her note for three months. She resumed payment when, in December of 1985, Mr. Gaineer from Willow and "someone from the homestead" came to inspect the townhouse and promised to repair it. Plaintiff's son, who was present at the time of this visit, confirmed that Mr. Gainer was accompanied by a man who said he was there on behalf of the homestead.
Under the law, acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment or in other ways; it may be implicit or it may be inferred from the facts and circumstances. Flowers v. United States Fidelity & Guaranty Co., 381 So.2d 378, *109 382 (La.1979). We have previously held, in an action to recover against the owner of a bus for damage to a fence which had been struck by the bus, that the verbal agreement of the bus owner's representative to allow plaintiff's contractor to repair the fence constituted an acknowledgment of the owner's liability sufficient to interrupt the running of the one-year prescriptive period. Firemen's Charitable and Benevolent Association v. New Orleans Public Service, Inc., 413 So.2d 202 (La.App. 4th Cir.1982), writ denied 414 So.2d 1253 (La. 1982). In the instant case, there was evidence that the homestead acknowledged plaintiff's right against it in December, 1985, when its representative visited the townhouse to inspect the damages and convinced plaintiff's son that repairs would be made. This acknowledgement interrupted prescription, and therefore renders the suit against the homestead timely.
Having thus disposed of defendant's exceptions, we must still determine whether plaintiff presented sufficient evidence in the lower court to support a default judgment against defendant based on the delictual cause of action.
The law states that a default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. La.Code Civ.Pro. art. 1702. When the demand is based on a delictual obligation, as here, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits containing facts sufficient to establish a prima facie case, constitutes sufficient proof of the demand. Id. It is well settled that a plaintiff seeking a judgment by default must prove the essential allegations of his petition as fully as if they had been specially denied. Calvert Fire Ins. Co. v. Felton, 244 So.2d 311, 312-13 (La.App. 4th Cir.1971).
In an action based on delict, plaintiff must show fault or negligence on the part of defendant in order to recover. La.Civ. Code art. 2315. In the instant case, the petition alleges that the homestead wrongfully represented to plaintiff that the townhouse was of high quality and free of defects. To support this allegation, plaintiff had to show in the lower court that the homestead either knew of the defect or had some obligation to discover it. Upon reviewing the testimony, we find that plaintiff failed to meet this burden of proof. Plaintiff presented no evidence that the homestead had any knowledge of the defect prior to the act of sale. Moreover, there was no evidence that the homestead personnel told plaintiff that the townhouse was in good condition or made any type of representation whatsoever regarding the condition of the property. The only testimony on this point was plaintiff's statement that she reached an agreement with the homestead "(t)hat they have to send someone out to inspect the property that I would like to buy and I have to give them money."
In its brief, defendant claims that the inspection to which plaintiff referred was a routine appraisal of the loan value of the property done for the lender's own benefit. The record contains no evidence as to the actual nature of the inspection or the duty of a homestead inspector.
Plaintiff's expert, a home contractor, testified that the leakage problem was caused by the bathtub sinking due to improper bracing. He stated that the bracing should have been installed during the construction of the townhouse. To detect the absence of bracing after the construction was completed, one would have to use a leveling device. There was no evidence as to whether the homestead inspection was conducted before or after construction of the townhouse was completed. Neither was there any evidence tending to show that a homestead inspector should ordinarily have discovered this type of problem.
Considering the testimony, we find that plaintiff failed to show any fault or negligence on the part of the homestead. Because the evidence at the confirmation hearing was insufficient to make out a prima facie case against the homestead, we reverse the decision of the trial court. The judgment appealed from is annulled and set aside, and this matter is remanded to *110 the district court for further proceedings in accordance with the law.
REVERSED AND REMANDED.